# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

DAVID FAULKNER,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )          No. 3:16-CV-549-JRG-DCP
                                   )
CPL. BYRD, SGT. SMITHERS, and      )
C.O. WILLIAMS,                     )
                                   )
        Defendants.                )

## MEMORANDUM OPINION

This matter is before the Court upon periodic review. Plaintiff filed a pro se complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983 on September 12, 2016 [Doc. 2]. On September 29, 2017, the Court entered an Order dismissing all of Plaintiff's claims, with the exception of his Eighth Amendment claims against Defendants Smithers, Williams, Byrd, and an unknown Defendant [Doc. 12 at 12]. The Court ordered Plaintiff to complete service packets for Defendants Smithers, Williams, and Byrd, and return them to the Clerk's office within twenty-one (21) days of the date of the Order [*Id.*]. On October 6, 2017, the Court issued summons to Defendants Byrd, Smithers, and Williams [*See* unnumbered docket entry dated October 6, 2017]. The Court's docket reflects that summonses were executed as to Defendants Smithers and Byrd on November 7, 2017 [Docs. 15, 16].

However, also on November 7, 2017, the summons for Defendant Williams was returned unexecuted [Doc. 17]. The Court granted Plaintiff's motion to compel on December 14, 2017, and ordered the Warden of MCCX to provide the Court with any information that would help the U.S.

Marshal effectuate service on Defendant Williams [Doc. 20]. Summons were subsequently executed as to Defendant Williams on January 25, 2018 [Doc. 22].

Defendants Byrd, Smithers, and Williams then filed an answer to Plaintiff's complaint [Doc. 27], as well as a motion to dismiss for lack of prosecution [Doc. 28]. In their motion to dismiss, Defendants state that Plaintiff is no longer in custody of the Tennessee Department of Correction, and has failed to update the Court with his present address [Doc. 28 at 2]. Further, the Court's previous Order granting Defendants' motion for an extension of time in which to file an answer [Doc. 25], and the Court's notice of the availability of a magistrate judge [Doc. 29] were both returned as undeliverable when sent to Plaintiff's listed address [Docs. 26, 30].

The Court then entered an Order directing Plaintiff to show cause within fifteen days as to why his claims should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for the failure to prosecute [Doc. 32]. Plaintiff was instructed that if he failed to timely file a response showing good cause, his claims against Defendants Byrd, Smithers, and Williams would be dismissed [*Id.*]. The Court's Order was subsequently returned as undeliverable [Doc. 34].

More than fifteen days have passed, and Plaintiff has failed to respond to the Court's Order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply can be attributed to his own willfulness or fault. Plaintiff failed to respond to the Court's previous show cause Order, despite being instructed by the Court to do so. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. The Court previously ordered Plaintiff to inform the Court of any address changes immediately, and warned Plaintiff that the failure to provide a correct address within fourteen days may result in the dismissal of this action [Doc. 12 p. 13]. The failure of a pro se party to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. E.D. Tenn. L.R. 83.13. Accordingly, the Court finds that the first factor weighs in favor of dismissal. *See, e.g.*, *See Williams v. Blanchard*, No. CIV. 3:12-0932, 2014 WL 3672105, at *1–2 (M.D. Tenn. July 23, 2014) (adopting recommendation that the plaintiff's suit be dismissed with prejudice where the plaintiff's location was unknown and the plaintiff had failed to pursue his claims after being released from incarceration).

The second factor also weighs in favor of dismissal, as Defendants Byrd, Smithers, and Williams have all responded to Plaintiff's complaint. Additionally, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that

alternative sanctions would not be effective. Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

Accordingly, this action will be **DISMISSED WITH PREJUDICE**, *sua sponte*, for want of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. Defendants' motion to dismiss [Doc. 28] will therefore be **DENIED as moot**.

**AN APPROPRIATE ORDER WILL ENTER**.

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE